**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CARTER R. HARGRAVE,
doing business as World Jeet Kune Do
Federation,

      Plaintiff-Appellant,

v.

CONCORD MOON, L.P.,

      Defendant-Appellee.

No. 07-5102
(D.C. No. 4:06-CV-634-GKF-SAJ)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **McCONNELL**, **ANDERSON**, and **BRORBY**, Circuit Judges.

      Plaintiff-appellant Carter R. Hargrave appeals the order of the district court

dismissing his complaint for lack of personal jurisdiction.  Our jurisdiction arises

under 28 U.S.C. § 1291, and we reverse.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is
therefore ordered submitted without oral argument.  This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Hargrave runs a martial-arts business in Tulsa, Oklahoma. Since 1991, as part of his business and on his website, Mr. Hargrave has used the name and "core symbol" logo of Bruce Lee, the internationally known martial-arts practitioner and movie star, now deceased. Defendant Concord Moon, L.P., a California limited partnership, controls the rights in and to the intellectual property of the Bruce Lee Estate. The Bruce Lee Foundation is a pseudonym for Jun Fan Jeet Kune Do, Inc., a California corporation formed to preserve and perpetuate Lee's art and philosophy.

In April 2006, Concord sent a letter to Mr. Hargrave informing him of its ownership of all rights associated with Bruce Lee, including trademark rights, and ordering him to cease and desist from using the core symbol. The letter further indicated Concord's desire to settle the matter short of litigation and asked for an accounting of the gross sales of the core symbol product and gross revenue from the martial arts instruction offered under that symbol. App. at 48-49. Concord sent follow-up letters in October and November 2006. *Id.* at 59, 109.

On November 14, 2006, Mr. Hargrave filed this declaratory judgment action, asking the court to declare that his use of the core symbol did not infringe on any of Concord's trademarks and further requesting the cancellation of Concord's trademark for the core symbol. *Id.* at 9-10. Concord filed a motion to dismiss for lack of personal jurisdiction which the district court granted.

In the district court, Mr. Hargrave asserted that Concord, in its own right and through its ownership and control of the Bruce Lee Foundation, had significant business contacts in Oklahoma sufficient to justify general personal jurisdiction over Concord. Alternatively, he contended that, by sending three cease-and-desist letters to Oklahoma, Concord had established the basis for both general and specific personal jurisdiction in Oklahoma.

In concluding to the contrary, the district court held that, as to the Bruce Lee Foundation, there was no evidence that it was owned and controlled by Concord so "general personal jurisdiction over Concord cannot be established via the Foundation's activities." *Id.* at 199. As for the cease-and-desist letters, the court held them to be "insufficient to establish either general or specific personal jurisdiction in Oklahoma." *Id.* On appeal, Mr. Hargrave reasserts his contention that both the activities of Concord and of the Bruce Lee Foundation in Oklahoma and the cease-and-desist letters are sufficient to convey personal jurisdiction over Concord.

We review the district court's decision to decline personal jurisdiction over Concord de novo. *Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F.3d 1270, 1276 (10th Cir. 2005).

> When, as in this case, a district court grants a motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion. We resolve all factual

disputes in favor of the plaintiff in determining whether plaintiff has
made a prima facie showing.

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1074 (10th Cir. 2004) (citation and

quotations omitted).

> Jurisdiction over corporations may be either general or
> specific. Jurisdiction over a defendant in a suit arising out of or
> related to the defendant's contacts with the forum state is "specific
> jurisdiction." In contrast, when the suit does not arise from or relate
> to the defendant's contacts with the forum and jurisdiction is based
> on the defendant's presence or accumulated contacts with the forum,
> the court exercises "general jurisdiction."

*Rambo v. Am. S. Ins. Co.,* 839 F.2d 1415, 1418 (10th Cir. 1988).[1] Whether the

exercise of general jurisdiction over a foreign corporation is consistent with due

process depends on whether there are "'certain minimum contacts with [the

forum] such that the maintenance of the suit does not offend traditional notions of

fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v.

Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945)). "Because general jurisdiction is not related to the events giving

rise to the suit, courts impose a more stringent minimum contacts test, requiring

the plaintiff to demonstrate the defendant's continuous and systematic general

business contacts." *Benton*, 375 F.3d at 1080 (quotation omitted). Whether a

corporation has the systematic and continuous contacts with the forum state to

---

[1] Contrary to Concord's assertion, Mr. Hargrave's brief on appeal fairly
raises the issue of general jurisdiction.

justify general personal jurisdiction in the forum is determined on a case-by-case basis. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445 (1952).

Mr. Hargrave will eventually have to prove jurisdiction by a preponderance of the evidence. *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). At this stage of the proceeding, however, Mr. Hargrave only needs to make a prima facie showing of personal jurisdiction in order to defeat Concord's motion to dismiss. *Benton*, 375 F.3d at 1074. In support of its motion, Concord submitted two declarations from Shannon Lee Keasler, the only surviving child of Bruce Lee and a general partner of Concord. Those declarations deny that either Concord or the Bruce Lee Foundation has any business relationship with Oklahoma. App. at 149-52, 184-86. Mr. Hargrave, however, submitted his own declaration stating that Concord does business in Oklahoma as the Bruce Lee Foundation. He further asserted that Concord receives seminar and merchandise revenue from Oklahoma citizens, promotes itself in Oklahoma, solicits cash donations and volunteers from Oklahoma citizens on its website, sells merchandise in Oklahoma via the internet and in the Oklahoma locations of bookstores Borders and Barnes & Noble, and pays sales tax to the State of Oklahoma. *Id.* at 167-69. Apart from holding that no evidence supported a finding of ownership of the Bruce Lee Foundation by Concord, the district court did not address these additional assertions of contacts by Concord itself as a basis for general personal jurisdiction.

"[F]actual disputes at this initial stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits." *Oaklawn Apartments*, 959 F.2d at 174. Further, "a district court relying on documentary evidence in its consideration of a motion to dismiss may not weigh the factual evidence." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir. 1987); *see also Rambo*, 839 F.2d at 1417 ("If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party.") (quotation omitted).

Mr. Hargrave has alleged that Concord does business in Oklahoma as the Bruce Lee Foundation. He further alleges that Concord, itself, receives revenue from Oklahoma citizens from the sale of merchandise in Oklahoma, solicits cash donations and volunteers among Oklahoma citizens, sells merchandise in Oklahoma bookstores, and pays sales tax in Oklahoma. Given the state of the record and the stage of the proceedings, we hold that Mr. Hargrave has demonstrated Concord's continuous and systematic general business contacts, either through the Bruce Lee Foundation or in its own right, sufficient to make a prima facie showing of general personal jurisdiction in Oklahoma.

Our holding today based on Mr. Hargrave's prima facie showing of general personal jurisdiction makes it unnecessary to review the district court's conclusion that standards of fairness precluded Mr. Hargrave from establishing

-6-

specific jurisdiction based solely on the existence of the cease-and-desist letters. *See Dudnikov v. Chalk & Vermillion Fine Arts, Inc.*, 514 F.3d 1063, 1082 (10th Cir. 2008) ("Assuming without deciding that it would be unreasonable to found jurisdiction solely on a cease-and-desist letter . . . .").

The judgment of the district court is REVERSED, and this case is REMANDED for further proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge